## *In re* EQUITY GAS-LIGHT CO.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

CORPORATIONS—DISSOLUTION—LEAVE TO SUE.

    An order denying an application for leave to bring action in behalf of the state to vacate the charter of a gas company on the ground of non-user and other neglect will be affirmed where it appears that the company assumed a large responsibility and outlay upon the strength of the discontinuance of a former action for the same purpose, and no new facts are alleged why the charter should be annulled which did not exist at the time of such discontinuance.

Appeal from special term, Westchester county.

Application by the people of the state of New York for leave to commence action against the Equity Gas-Light Company of the eastern district of Brooklyn for a forfeiture of the company's charter, rights, and franchises. The application was denied, and the people appeal.

Argued before BARNARD, P. J., and PRATT, J.

*Charles F. Tabor*, Atty. Gen., and *Jesse Johnson*, for the People. *Horace Graves*, for respondent.

BARNARD, P. J. The legislature, in April, 1874, incorporated the Equity Gas-Light Company of the eastern district of the city of Brooklyn. Three years were given by the act in which the company were to organize and commence the transaction of business, and the charter was to be forfeited if the company did not commence operations in three months from the passage of the act. Only a very small portion of the construction of the work was commenced within the three months, and the company did not organize and commence business within the three years. In 1884, upon the petition of the Williamsburgh Gas-Light Company, the attorney general commenced proceedings by action to vacate the charter. The Equity Gas-Light Company opposed the application, and put in an answer. The case was brought to trial in March, 1885. It was tried partly before the court at special term, a large part of the testimony being taken before a referee. The case was not finally submitted until about the summer of 1888. The case was very voluminous. Before the case was decided, and on the 10th of January, 1890, the attorney general discontinued the action. On the 27th of March, 1889, the attorney general determined to apply in the first judicial district for leave to bring another action. This application was made and denied. The attorney general applied in the second district for such leave, and his application was denied. He applied for the order which denied the leave to sue again. The motion was properly denied. The action discontinued seems to have been solely in the interest of the Williamsburgh Gas-Light Company. It was initiated on its petition, and was based upon an alleged injury to the interests of that company. A nonuser of chartered rights did not annul a charter without a judicial decree, and when the attorney general discontinued the action the Equitable Gas-Light Company increased its capital, and paid into the state treasury the tax thereon. It has made a contract for the immediate construction of buildings and works for the manufacture of gas, and for the laying of 45 mains within its chartered territory. There are no new facts alleged why the charter should be annulled which did not exist when the former action was discontinued, and there are the most powerful reasons why a new action should not be commenced. The Equitable Gas-Light Company has relied upon the action of the state through its officers to assume a large responsibility and outlay, and it is apparent that it will be for the public interest that it should build and operate its works. The order should therefore be affirmed, with costs. All concur.